IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZAHRA SHAHRASHOOB §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>TEXAS A&M UNIVERSITY SYSTEM, §<br>TEXAS A&M AT COLLEGE STATION,§<br>CHANCELLOR JOHN SHARP, §<br>TEXAS A&M BOARD OF REGENTS, §<br>KATHERINE BANKS-PRESIDENT, §<br>DR. ARUL JAYARAMAN, §<br>DR. N.K. ANAND, ET AL. §<br>*Defendants* § | Civil Action No. 4:22-CV-699 |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE LEE ROSENTHAL:

Defendants Texas A&M University System ("TAMUS"), Texas A&M at College Station ("TAMU"), Chancellor John Sharp, Texas A&M Board of Regents, a group of individuals ("Board of Regents"), Katherine Banks-President, Dr. Arul Jayaraman, Dr. N.K. Anand, Damon Slaydon, Jennifer Smith, Dr. Blanca Lupiani, Dr. Micah Green, Dr. Victor Ugaz, Dr. Jodie Luthkenhaus, Dr. Anastasia Muliana, Jaime Andres, Gary Blizzard, and Kevin McGinnis, (collectively, "Defendants") file this Motion to Dismiss Plaintiff Zahra Shahrashoob's ("Plaintiff" or "Shahrashoob") First Amended Complaint (Doc. 10) for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants show the Court the following and respectfully request that this Court dismiss Plaintiff's lawsuit in its entirety.

# I. INTRODUCTION

Plaintiff, an Iranian female, and former employee of TAMU, has sued 2 entities and over 14 individuals alleging employment discrimination based on her nationality and gender. (Doc. 10). Plaintiff asserts 6 separate claims:

1. A claim for alleged violations of her due process rights and her equal protection rights under 42 U.S.C. § 1983;

2. A claim for discrimination based on her national origin and gender and retaliation under Title VII;

3. A claim for an alleged violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.;

4. A claim for national origin and gender discrimination under 42 U.S.C. § 1981;

5. A claim for national origin and gender discrimination under Title VI of the Civil Rights Act of 1964; and

6. A claim for national origin and gender discrimination under Title IX of the Education Amendments of 1972.

*See* Doc. 10 at ¶¶ 62-109.

Plaintiff appears to assert all of her claims against all named defendants, without distinguishing the capacity in which the individuals have been sued. Plaintiff is seeking money damages, plus interest, and attorney's fees and costs. Doc. 10 at ¶ 111. Simply stated, Defendants deny any wrongdoing and contend that Sharashoob's employment was terminated in January 2021 due to the financial crisis resulting from the pandemic.

Plaintiff's lawsuit should be dismissed in its entirety for the reasons set forth below:

- The Section 1983 due process and equal protection claims and Section 1981 discrimination claims must be dismissed for lack of subject matter jurisdiction because they are barred by sovereign immunity and qualified immunity and because Plaintiff fails to state a valid claim for relief;

- The Title VII claims for retaliation and discrimination based on gender and nationality must be dismissed because Plaintiff fails to state a valid claim for relief;

- The American with Disabilities Act claim must be dismissed because it is barred by sovereign immunity and Plaintiff fails to state a valid claim for relief;

- The Title VI claim for discrimination based on nationality must be dismissed because Plaintiff fails to state a valid claim for relief;

- The Title IX claim for discrimination based on gender must be dismissed because it is barred and Plaintiff fails to state a valid claim for relief; and

- All claims against Defendants John Sharp, Katherine-Banks, Gary Blizzard, Jaime Andres, and the Board of Regents, must be dismissed because Plaintiff fails to make any specific factual allegations demonstrating that these Defendants took any action that violated a federal law or Plaintiff's constitutional rights.

## II. STANDARDS OF REVIEW

**A.     FRCP 12(b)(1) Dismissal for Lack of Subject Matter Jurisdiction**

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309 (5th Cir. 2015). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate bases: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Here, Defendants move to dismiss Plaintiff's due process claim, equal protection claim, and her ADAAA claim for lack of jurisdiction.

B.   **FRCP 12(b)(6) Dismissal for Failure to State a Claim for Relief**

In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, [f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). It is insufficient, then, to plead facts that are merely consistent with wrongful conduct; plaintiffs must instead plead facts that plausibly suggest that the pleader is actually entitled to relief. *Bell Atlantic Corp.*, 550 U.S. at 556–57 (the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true). Here, Defendants move to dismiss all of Plaintiff's claims because she fails to plead enough facts to state a claim to relief that is plausible on its face.

### III. ARGUMENTS & AUTHORITIES

**A. Plaintiff's Section 1981 and Section 1983 claims must be dismissed (i) for lack of subject matter jurisdiction because they are barred by sovereign immunity and qualified immunity, and (ii) because Plaintiff fails to state a valid claim for relief.**

The Court must dismiss the claims brought under Section 1981 and Section 1983 because Plaintiff cannot establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

**Plaintiff's claims are barred by sovereign immunity.**

The Eleventh Amendment[1] bars a citizen from suing a state in federal court unless the state consents. U.S. CONST. amend. XI; *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996). If a defendant is protected by sovereign immunity, federal courts lack subject matter jurisdiction over the suit. *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). "Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). An official capacity suit is to be treated as a suit against the entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

---

[1] Because the terms are used as synonyms in the case law, this motion refers to "Eleventh Amendment immunity" and "sovereign immunity" interchangeably when referencing both the historical principle of sovereign immunity and any further immunity created or restored by the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 713 (1999).

It is undisputed that TAMUS and TAMU are state agencies. TAMUS is a system of higher education and a state agency created by the Texas State Legislature. *See* TEX. EDUC. CODE Title 3, Chap. 51, Sec. 51.353 and Chap. 85, Sec. 85.01, et seq.; *see also* TEX. GOV'T. CODE ANN. § 572.002(10)(B). TAMU, is an institution of higher education and is a separate entity from A&M System. *See* TEX. EDUC. CODE § 86.01, et seq. While institutions like TAMU operate under the A&M System Board of Regents, A&M System is considered a separate entity from its institutions. TEX. EDUC. CODE § 85.01, et seq.; § 86.01, et seq.; and §87.01, et seq. As state agencies, TAMUS and TAMU are instrumentalities of the State of Texas for purposes of Eleventh Amendment immunity. *See U.S. ex rel. King v. Univ. of Texas Health Sci. Ctr.-Houston*, 544 F. App'x 490, 495–498 (5th Cir. 2013). As employees of a state agency, the Individual Defendants, sued in their official capacity, have immunity under the Eleventh Amendment as a matter of law. *See Cory v. White*, 457 U.S. 85, 89 (1982); *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002).

Section 1981 does not abrogate Eleventh Amendment immunity from suit. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981). Similarly, Section 1983 does not contain a valid abrogation of sovereign immunity by Congress nor has the State of Texas voluntarily waived sovereign immunity for such claims. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). Consequently, Plaintiff's Section 1981 and Section 1983 claims must be dismissed pursuant to FED. R. CIV. P. 12(b)(1). *Moore*, 743 F.3d at 963; *see also Jackson v. Texas S. Univ.*, 997 F. Supp. 2d 613, 625 (S.D. Tex. 2014) ("Congress also has not abrogated sovereign immunity with respect to claims under § 1981.").

**Texas A&M University System, The Board of Regents, Texas A&M University, and the Individual Defendants, sued in their official capacity, are not "persons" who can be sued under Section 1983.**

Quite apart from Eleventh Amendment considerations, It is well settled that state agencies (and similarly, a state official in his official capacity), including TAMUS, The Board of Regents, and TAMU, are not "persons" for the purposes of Section 1983 liability, and therefore not proper defendants for such claims. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because TAMUS, The Board of Regents, TAMU, and the Individual Defendants sued in their official capacity are not "persons" liable under Section 1983, those claims fail as a matter of law. Accordingly, Plaintiff's constitutional claims may only proceed against the Individual Defendants in their individual capacities for damages. However, for the reasons discussed below, those claims should be dismissed for failure to state a claim and because the Individual Defendants are entitled to qualified immunity.

**Plaintiff has not pled facts to overcome the Individual Defendants' qualified immunity.**

To the extent Plaintiff is suing the Individual Defendants in their individual capacity, qualified immunity shields government officials from liability "when they are acting within their discretionary authority and their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Gates v. Texas Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 418 (5th Cir. 2008). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223 (2009). "Qualified immunity questions should be resolved at the earliest possible stage of the litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). "Jurisdiction is always first*.*" *Carswell v. Camp*, 37 F.4th 1062, 1063 (5th Cir. 2022) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)The Fifth Circuit has "consistently held that plaintiffs who invoke Section 1983 must plead

specific facts that, if proved, would overcome the individual defendant's immunity defense." *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). "Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Id*. One of the most important benefits of the qualified immunity defense is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *see also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (a "refusal to rule on a claim of immunity" deprives a defendant of his 'entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters'").

The Fifth Circuit has emphasized the broad protections of qualified immunity, stating that it "protects all but the plainly incompetent or those who knowingly violate the law." *Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018) (quoting *Malley v. Briggs*, 475 U.S. 335 (1986)). "Of course, the defendant's conduct cannot constitute a violation of clearly established law if, on the plaintiff's version of the facts, there is no violation at all." *Johnson v. Johnson*, 385 F.3d 503, 525 (5th Cir. 2004).

Following an invocation of qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). A plaintiff seeking to overcome a defendant's qualified immunity asserted in a motion to dismiss must plead specific facts that, if true, would allow the court to draw the reasonable inference that the defendants violated a clearly established constitutional right. *See Backe*, 691 F.3d at 648. Because Sharashoob cannot meet that burden, the Individual Defendants have qualified immunity from Plaintiff's constitutional claims against them in their individual capacities and those claims must be dismissed.

Shahrashoob asserts that Defendants, collectively, violated her due process and equal protection rights by making decisions, that she did not like, regarding her job duties, her workspace, and her participation in research and other professional activities. *See* Doc. 10 at ¶¶ 62-69. Sharashoob does not—and cannot—allege facts sufficient to prove a clearly established constitutional violation at the time relevant to her Complaint. Plaintiff's claims, at their core, invite this Court to take a step that other courts have repeatedly refused—to substitute its own judgment for that of the professionals employed by TAMU. Such a step by this Court would run contrary to well-established federal law. "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648. The facts of Sharashoob's case, viewed in the light most favorable to her, weigh in favor of dismissing her claims against the Individual Defendants.

**Plaintiff fails to state a claim for relief.**

Plaintiff's complaint asserts a claim under Section 1981 and Section 1983 for a violation of her due process and equal protection rights against all defendants. Doc. 10 at ¶¶ 62-69. Plaintiff asserts these Defendants unlawfully discriminated against her because of her gender and nationality. *Id.* All of the alleged conduct is in the context of her employment with TAMU. As such, Plaintiff is attempting to bootstrap her Title VII claims against Defendants into a civil rights claim. When Congress enacts a comprehensive remedial scheme, such as Title VII, a plaintiff must bring suit under that scheme. Here, Plaintiff is attempting to bring her Title VII claim under the guise of a constitutional claim and for this reason, Plaintiff's Section 1981 and Section 1983 claims should be dismissed as redundant.

Further, as to the Individual Defendants, any alleged actions are not subject to an equal-protection challenge. *See Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581 (5th Cir. 2016) ("[d]iscretionary decisions about whom to hire as an employee or a service provider do not yield [a] 'clear standard' by which an equal-protection claim can be evaluated."); *see also Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 605 (2008).

**Plaintiff's Section 1983 claims are time-barred.**

Plaintiff's claims under 42 U.S.C. § 1983 are governed by a two-year limitations period. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988); *Williams v. City of Austin*, No. 1:16-CV-1338-RP, 2017 WL 2963513, at *5 (W.D. Tex. July 11, 2017); *Hernandez v. Kirkendall*, No. 5:13-CV-0685-DAE, 2014 WL 3853842, at *2 (W.D. Tex. Aug. 5, 2014). Most if not all of the conduct that forms the basis for Plaintiff's Section 1983 claims occurred more than two years before she filed her original complaint on March 4, 2020. Thus, to the extent Plaintiff's Section 1983 claims are based on any conduct that occurred before March 3, 2020, those claims are time-barred and must be dismissed.

**B.     Plaintiff's Title VII claims must be dismissed because they are barred by immunity and Plaintiff fails to state a valid claim for relief.**

The Court must dismiss Plaintiff's Title VII claims against TAMUS, The Board of Regents, and the Individual Defendants because none of these defendants are Shahrashoob's employer for purposes of Title VII and any claim against them is barred by immunity. A defendant is an employer for purposes of Title VII if (1) it meets Title VII's statutory definition of "employer," i.e., "a person engaged in an industry affecting commerce who has fifteen or more employees ...". *See* 42 U.S.C. § 2000e(b); and (2) it has the requisite employment relationship with the Plaintiff. *See Ridha v. Texas A & M Univ. Sys.*, No. CIV.A. 4:08-CV-2814, 2009 WL 1406355, at *4 (S.D. Tex. May 15, 2009). (dismissing Texas A&M University System from a Title VII

action because Plaintiff failed to allege that Texas A&M University System exercised control over Plaintiff's employment (including hiring, firing, supervising, and setting the work schedule for the plaintiff); paying the Plaintiff's salary, withholding taxes, providing benefits, and setting terms and conditions of employment. Here, Sharashoob does not specifically identify which Defendant(s) she is alleging violated Title VII. *See* Doc. 10 at ¶¶ 70-77. Nor does she make any factual allegations that TAMUS, the Board of Regents, or the Individual Defendants were her employer(s) at the time of the alleged discrimination and retaliation. *Id*, generally. To be clear, Plaintiff was employed by TAMU at all times relevant to this lawsuit.

Title VII does not authorize a cause of action against the Individual Defendants. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n. 8 (5th Cir. 2003) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir. 1994)). Because TAMU (Plaintiff's employer) is also a defendant, the individual Defendants, in their official capacities, are redundant as defendants to the Title VII claim and must be dismissed. "[A] party may not maintain a suit against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (per JONES, J., with two judges concurring in the result); *see also Smith v. Amedisys Inc.*, 298 F.3d 434, 449 (5th Cir. 2002) ("a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity"). Because Sharashoob cannot state a valid Title VII claim against A&M System, The Board of Regents, or the Individual Defendants—since they were not Sharashoob's employer—their immunity is not waived and this lawsuit is jurisdictionally barred and must be dismissed as to them.

To the extent Plaintiff is suing the Individual Defendants in their individual capacity for Title VII violations, those claims must be dismissed as well. The Fifth Circuit has repeatedly held that employees and public officials in their individual capacities cannot be subject to liability

under Title VII because they do not fall under the definition of employer. *Grant*, 21 F.3d at 652 ("The public employees . . . were excluded from liability because Title VII does not include non-employer individuals, regardless of whether they work for a private or public body."); *Clanton v. Orleans Par. Sch. Bd.*, 649 F.2d 1084, 1099 (5th Cir. 1981) ("we find no authority for holding public officials personally liable for backpay under Title VII."). Later, in the *Huckabay* case, the Fifth Circuit considered whether a county commissioner "who possesses almost total executive authority within his precinct" would be considered a suable "employer" in his individual capacity for purposes of Title VII. *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998) (abrogation, on other grounds recognized by *Heath v. Board of Supervisors for Southern University and Agricultural and Mechanical College*, 850 F.3d 731, 737 (5th Cir. 2017). The court explained that a commissioner's executive authority could only be exercised as an agent of the body he represented, and thus "he did not act as an 'employer' and would not be liable under Title VII to the extent that he acted individually." *Id*.

**Sharashoob's Title VII discrimination claim fails because she cannot show that she suffered an adverse employment action because of her gender or her nationality.**

To establish a prima facie case of discrimination under Title VII, a plaintiff must show: (1) she is within a protected class of people; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) other similarly situated persons outside her protected class were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004); *Noel v. Shell Oil Co.*, 261 F. Supp. 3d 752, 767 (S.D. Tex. 2017). Here, Sharashoob cannot meet the third and fourth prongs required to establish a prima facie case of discrimination. The activity Sharashoob complains about—having to work in a cubicle instead of being assigned and office, not have start-up research funds, being assigned additional courses to teach, and being excluded from some professional activities—are not adverse employment actions for purposes of her Title

VII discrimination claim. *See Noel*, 261 F. Supp. 3d at 768 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). "For Title VII discrimination claims, adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." Additionally, Sharashoob did not allege that any similarly situated non-Iranian male was treated more favorably than she under nearly identical circumstances. *See* Doc. 10; *see also Noel*, 261 F. Supp. 3d at 768–769. Moreover, Sharashoob's allegations are insufficient to create a reasonable inference of an illegal intent. Because Sharashoob has not alleged sufficient facts to sustain a valid claim of discrimination under Title VII, that claim must be dismissed.

**Sharashoob's Title VII retaliation claim fails because she cannot show that her employment was terminated because she filed a discrimination complaint.**

Title VII prohibits retaliation against individuals who have opposed discriminatory employment practices or made charges of discrimination. *See* 42 U.S.C. § 2000e-3(a). To establish a claim for retaliation under Title VII, Plaintiff must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal connection existed between the protected act and the adverse action. *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). Sharashoob cannot meet the first and third prongs because she has not alleged sufficient facts to support her conclusory opinion that her employment was terminated in retaliation for complaining about discrimination. Here, Plaintiff does not provide any factual allegations to support her conclusory assertions that Defendants retaliated against her after she voiced complaints of discrimination. *See* Doc. 10 at ¶¶ 49 and 57. Moreover, Sharashoob does not allege that anyone involved in the decision not to renew her contract was even aware of any of her alleged complaints (or any other alleged protected activity). *See* Doc. 10, generally. Sharashoob fails to establish the requisite causal connection between any alleged protected activity and her

separation from TAMU. Accordingly, Plaintiff's Title VII retaliation claim must be dismissed. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–274 (2001).

Because Shahrashoob has not alleged sufficient facts to sustain a valid claim under Title VII, that claim must be dismissed. *Bell Atlantic Corp.*, 550 U.S. 544; *Ashcroft*, 556 U.S. 662.

**C.    Plaintiff's ADA claim must be dismissed because it is barred by sovereign immunity and Plaintiff fails to state a valid claim for relief.**

Eleventh Amendment immunity is a jurisdictional bar. *United States v. Texas Tech Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) (citing U.S. CONST. amend. XI). The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State's Eleventh Amendment immunity extends to arms or agencies of the State. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). The System is an agency of the state. *See* Tex. Gov't Code Ann. § 572.002(10)(B) (defining "State agency" as "a university system or an institution of higher education . . . other than a public junior college"). Additionally, "[s]uits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Eleventh Amendment immunity may only be abrogated when Congress (1) unequivocally intends to waive the immunity and (2) is acting pursuant to a valid grant of constitutional authority. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

**There is no valid waiver of immunity.**

The ADA provides that "[a] State shall not be immune" from suits under the Act because of sovereign immunity. 42 U.S.C. § 12202. However, Congress has the power to abrogate state sovereign immunity only where it "acts pursuant to a valid grant of constitutional authority." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citing *Kimel*, 528 U.S. at

73).  In enacting Title I of the ADA, Congress did not act pursuant to a valid grant of constitutional authority and therefore did not abrogate the State's Eleventh Amendment immunity. *Id.* at 365–74 (2001)(a suit for "money damages by reason of the State's failure to comply with the provisions of Title I of the [ADA]" is "barred by the Eleventh Amendment"). The State of Texas has also not waived its immunity from suit with respect to the ADA. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 307 F.3 318, 332 (5th Cir. 2002) ("The Texas Labor Code does not contain a clear and unequivocal waiver of immunity from suit with respect to the ADA, a distinct federal statute."). Because there has been no valid waiver, TAMUS, TAMU, The Texas A&M Board of Regents, and the Individual Defendants sued in their official capacities, are entitled to immunity from lawsuits brought against them under Title I of the ADA. *See Board of Trustees of University of Alabama*, 531 U.S. at 360, 531 U.S. at 360; *Perez*, 307 F.3d at 326; *Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 472 (N.D. Tex. 2003).

**There is no private right of action against the Individual Defendants.**

Title I of the ADA prohibits covered entities from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of *employees*." 42 U.S.C. § 12112 (emphasis added). Title I of the ADA does not create a private cause of action against individual defendants who do not have an employment relationship with the Plaintiff. *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 135 (5th Cir. 2004) (requiring the existence of an employment relationship to bring a claim under Title I of the ADA (citations omitted)). Here, Plaintiff's employer is TAMU, not the Individual Defendants who are also employees of TAMU. Since no employment relationship exists between the Individual Defendants and Plaintiff, Plaintiff's ADA claims must be dismissed.

**Plaintiff fails to allege a violation of the Act.**

As previously stated, Title I of the ADA prohibits covered entities from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112. Here, Plaintiff fails to allege that she has a disability or that TAMU regarded her as having a disability. *See* Doc. 10, generally. Although Plaintiff mentions that she has asthma and that she made a request to work online, she does not allege any facts that support a claim for disability discrimination under the ADA and her claim must be dismissed. *Id*.

**D.    Plaintiff's Title VI claim for discrimination based on her nationality must be dismissed because Plaintiff's allegations are insufficient to create a reasonable inference of intentional discrimination.**

Title VI provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by Title VI. 42 U.S.C. § 2000d. Title VI "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). To survive a motion to dismiss, Sharashoob's complaint must plead facts to plausibly show that Defendants intentionally discriminated against her. *See Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996). Sharashoob's complaint does not allege sufficient facts to support a finding of intentional discrimination by Defendants, therefore she fails to plead a valid Title VI claim and it must be dismissed. *Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x 897, 902 (5th Cir. 2020).

The Court must dismiss Plaintiff's Title VI claim against the Individual Defendants because Title VI does not authorize personal liability claims against individuals. *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169 & n. 11 (11th Cir. 2003) (collecting cases on individual liability). Nor does Title VI authorize vicarious liability claims against employers for the acts of their employees. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998).

E. **Plaintiff's Title IX claim for employment discrimination based on her gender must be dismissed because it is barred and Plaintiff's allegations are insufficient to create a reasonable inference of intentional discrimination.**

Plaintiff's Title IX claim for employment discrimination based upon her gender must be dismissed because Title VII preempts a Title IX action in employment cases. *See Lakoski v. James*, 66 F.3d 751, 755–758 (5th Cir. 1995) (holding that "Congress intended Title VII to exclude a damage remedy under Title IX for individuals alleging employment discrimination").

Further, "…[Title IX] has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009). "Liability under Title IX does not extend to school officials, teachers, and other individuals." *Plummer v. Univ. of Houston*, 860 F.3d 767, 777 n. 12 (5th Cir. 2017).

F. **Defendants John Sharp, Katherine-Banks, Gary Blizzard, and Jaime Andres must be dismissed from Plaintiff's lawsuit because Plaintiff fails to make any specific factual allegations accusing them of taking any actions that violated federal law or Plaintiff's constitutional rights.**

If the Court determines that any of Plaintiff's claims survives Defendants' Motion to Dismiss, then Defendants John Sharp, Katherine-Banks, Gary Blizzard, and Jaime Andres must be dismissed on failure to state a claim because there are no specific factual allegations accusing them of taking any actions that would violate Plaintiff's constitutional rights or any federal law. *See* Doc. 10.

### IV. CONCLUSION

For all of the reasons set forth above, Defendants request that this Court enter a judgment dismissing, with prejudice, all of Plaintiff's claims. Defendants further request that this Court grant Defendants such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**KEN PAXTON**
Texas Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief - General Litigation Division

/s/ *Yvonne D. Bennett*
**YVONNE D. BENNETT**
Texas Bar No. 24052183
Attorney-in-Charge
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Email: Yvonne.Bennett@oag.texas.gov
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served via PACER electronic notification on this 25th day of July 2022, on:

Marc Anson Bozeman
The Bozeman Law Firm
5499 Braesvalley Dr., No. 462
Houston, Texas 77096
Telephone: (832) 741-7950
mb@bozemanlitigation.com
Attorney for Plaintiff

/s/ *Yvonne D. Bennett*
YVONNE D. BENNETT
Assistant Attorney General