IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZAHRA SHAHRASHOOB §<br>　*Plaintiff* §<br>　§<br>v. §<br>　§<br>TEXAS A&M UNIVERSITY SYSTEM, §<br>TEXAS A&M AT COLLEGE STATION, §<br>CHANCELLOR JOHN SHARP, §<br>TEXAS A&M BOARD OF REGENTS, §<br>KATHERINE BANKS-PRESIDENT, §<br>DR. ARUL JAYARAMAN, §<br>DR. N.K. ANAND, ET AL., §<br>　*Defendants.* § | Civil Action No. 4:22-CV-699 |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE LEE ROSENTHAL:

Plaintiff's First Amended Complaint must be dismissed because her claims are either barred by Defendants' immunity or Plaintiff fails to plead facts to raise the right to recovery above the speculative level.

**I. ARGUMENT**

**A.   Defendants TAMUS, TAMU, and the Individuals Sued In Their Official Capacities have not waived their immunity and Plaintiff's Section 1981 and Section 1983 claims are barred and must be dismissed.**

Without citing to any legal authority, Plaintiff makes the false assertion that Defendants TAMUS and TAMU have waived their immunity and consented to being sued in federal court "…by their overwhelming receipt of federal funds, in part, to promote diversity and inclusion at Texas A&M University by retaining a diverse faculty." *See* Response at p.4.  It is well settled that Section 1981 does not abrogate Eleventh Amendment immunity from suit.  *Sessions v. Rusk State*

*Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Jackson v. Texas S. Univ.*, 997 F. Supp. 2d 613, 625 (S.D. Tex. 2014) ("Congress also has not abrogated sovereign immunity with respect to claims under § 1981."). Similarly, Section 1983 does not contain a valid abrogation of sovereign immunity by Congress nor has the State of Texas voluntarily waived sovereign immunity for such claims. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). Consequently, Plaintiff's Section 1981 claims and her claims brought under Section 1983 are barred and must be dismissed for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

Moreover, regardless of immunity, state agencies and state officials sued in their official capacities, are not proper defendants as they are not "persons" for purposes of Section 1983 liability, so Plaintiff's Section 1983 claims fail as a matter of law and must be dismissed. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

**B.     Plaintiff fails to plead facts that overcome the Individual Defendants' Qualified Immunity.**

Again, without providing any legal or factual support, Plaintiff makes the conclusory assertion that all of the Individual Defendants have waived their qualified immunity. *See* Response at pp. 2, 6-8. Plaintiff could not be more wrong. Unless Plaintiff can show that the individual defendants acted outside of their discretionary authority or that their conduct violated Plaintiff's clearly established statutory or constitutional rights, the individual defendants are protected by qualified immunity and Plaintiff's claims against them must be dismissed. *Gates v. Texas Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 418 (5th Cir. 2008). To overcome qualified immunity, Plaintiff has the burden of pleading specific facts that, if true, would allow the court to draw the reasonable inference that the individual defendants violated a clearly established constitutional

right. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Plaintiff has not met her burden and those claims must be dismissed. In fact, Plaintiff only provides facts regarding specific conduct by Dr. Arul Jayaraman and Blanca Lupiani.[1] Response at pp. 2, 6-8. Plaintiff argues that Dr. Arul Jayaraman violated her rights when he (1) did not attempt to obtain a work visa for her; (2) assigned her more classes to teach; and (3) did not give her research start-up funds. Response at p. 7. Plaintiff also claims that Blanca Lupiani frustrated and denied her requests for an accommodation to work online. *Id.* None of the conduct described by Plaintiff would allow the court to draw the reasonable inference that any of the individual defendants violated Plaintiff's clearly established constitutional rights. Consequently, their qualified immunity is not waived and Plaintiff's claims must be dismissed.

C. **TAMUS must be dismissed because it was not Plaintiff's employer for purposes of Title VII.**

Plaintiff argues that her Title VII claims must remain against TAMUS and TAMU because Plaintiff was an employee of both agencies because TAMU is a "part of the Texas A&M University System." Response at p. 2. Plaintiff's employer was TAMU. TAMU had the requisite employment relationship with Plaintiff. TAMU exercised control over Plaintiff's employment (including hiring, firing, supervising, and setting the work schedule for the plaintiff); paying the Plaintiff's salary, withholding taxes, providing benefits, and setting terms and conditions of employment. *See Ridha v. Texas A & M Univ. Sys.*, No. CIV.A. 4:08-CV-2814, 2009 WL 1406355, at *4 (S.D. Tex. May 15, 2009); s*ee also* Exhibit A.

D. **Plaintiff's Title VII discrimination claim fails because she cannot show that she suffered an adverse employment action because of her gender or her nationality.**

---

[1] Plaintiff makes no attempt to provide specific facts about the alleged conduct of the remaining Individual Defendants. *See* Response. As such, she cannot overcome their qualified immunity and her claims must be dismissed.

To survive Defendants' 12(b)(6) motion to dismiss, Plaintiff must plead sufficient facts that allow the court to draw the reasonable inference that Defendants took an adverse employment action against Plaintiff because of her gender and national origin. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). The activity Plaintiff complains about—having to work in a cubicle instead of being assigned an office, not receiving start-up research funds, being assigned additional courses to teach, and being excluded from some professional activities—are not ultimate employment decisions and therefore not adverse employment actions for purposes of a Title VII discrimination claim. *See Noel v. Shell Oil Co.*, 261 F. Supp. 3d 752, 768 (S.D. Tex. 2017) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Additionally, Plaintiff does not plead sufficient facts to support an inference that she was treated less favorably than other similarly situated employees outside of her protected classes. All Plaintiff does is declare that a white male faculty member with the same credentials and qualifications as Plaintiff who worked in the Chemical Engineering department was given a salary approximately $10,000 more than Plaintiff. Response at p. 3 and Doc 10 at 32-33. Plaintiff does not allege that this white male faculty member had the same position or similar job duties, or the same supervisor as Plaintiff.

**E.    Plaintiff cannot show that her employment was terminated because she filed a discrimination complaint.**

Plaintiff's allegation that bad things happened after she complained about discrimination is not enough to survive Defendants' motion to dismiss. Plaintiff has not provided any specific factual information about her alleged protected activity and, more importantly, she does not allege that anyone involved in the decision not to renew her contract or provide her an accommodation was even aware of any alleged discrimination complaint(s). Plaintiff fails to establish the requisite causal connection between any alleged protected activity and her separation from TAMU and her

Title VII retaliation claim must be dismissed. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–274 (2001).

**F.      Congress did not abrogate Defendants' immunity and Plaintiff's ADA claim must be dismissed.**

Plaintiff completely ignores the well-settled law that Eleventh Amendment immunity may only be abrogated when Congress (1) unequivocally intends to waive the immunity and (2) is acting pursuant to a valid grant of constitutional authority. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). In enacting Title I of the ADA, Congress *did not* act pursuant to a valid grant of constitutional authority and therefore did not abrogate the State's Eleventh Amendment immunity. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 365–74 (2001); see also *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 307 (5th Cir. 2002) F.3 318, 332 (5th Cir. 2002). Because there has been no valid waiver, TAMUS, TAMU, The Texas A&M Board of Regents, and the Individual Defendants sued in their official capacities, are entitled to immunity from lawsuits brought against them under Title I of the ADA. *See Board of Trustees of University of Alabama*, 531 U.S. at 360; *Perez*, 307 F.3d at 326; *Shabazz v. Texas Youth Comm'n*, 300 F. Supp. 2d 467, 472 (N.D. Tex. 2003). Further, Title I of the ADA does not create a private cause of action against individual defendants who do not have an employment relationship with the Plaintiff. *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 135 (5th Cir. 2004) Since no employment relationship exists between the Individual Defendants and Plaintiff, Plaintiff's ADA claims must be dismissed. Lastly, Plaintiff fails to allege that she has a disability or that TAMU regarded her as having a disability. *See* Doc. 10, generally. Although Plaintiff mentions that she has asthma and that she made a request to work online, she does not allege any facts that support a claim for disability discrimination under the ADA and her claim must be dismissed. 42 U.S.C. § 12112.

**G.      Plaintiff has not pled facts to support an inference of intentional discrimination or deliberate indifference and her Title VI claim must be dismissed.**

Title VI prohibits intentional discrimination in federally-funded programs. *Rollerson v. Port Freeport*, No. 3:18-CV-00235, 2019 WL 4394584, at *4–5 (S.D. Tex. Sept. 13, 2019) , aff'd sub nom. *Rollerson v. Brazos River Harbor Navigation Dist. Of Brazoria Cnty. Tex*, 6 F.4th 633 (5th Cir. 2021); *see also Alexander v. Sandoval*, 532 U.S. 275, 280 (2001); *see also Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). To survive Defendants' motion to dismiss, Plaintiff must plead facts in support of intentional discrimination based on her national origin. *Id.* at 281; *see also Price ex rel. Price v. La. Dep't of Educ.*, 329 F.App's 559, 561 (5th Cir. 2009). Plaintiff claims that Defendants violated Title VI when, because of her nationality, they did not obtain a work visa for her. Response at p. 5. Plaintiff implies that because she asked numerous times, Defendants' refusal must be intentional discrimination. *Id*. Simply put, Plaintiff does not allege facts, that if true, raise a right to relief above the speculative level and her Title VI claim must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x 897, 902 (5th Cir. 2020).

**H.      Title VII is the exclusive remedy for Plaintiff's claim for damages for alleged employment discrimination and her Title IX claim must be dismissed.**

Plaintiff's Title IX claim for employment discrimination based upon her gender must be dismissed because Title VII preempts a Title IX action in employment cases. *See Lakoski v. James*, 66 F.3d 751, 755–758 (5th Cir. 1995) (holding that "Congress intended Title VII to exclude a damage remedy under Title IX for individuals alleging employment discrimination").

**I.      Plaintiff does not make any specific factual allegations against Jaime Andres so all claims against him must be dismissed.**

Although Plaintiff concedes that Defendants John Sharp, Katherine-Banks, Gary Blizzard, and the Texas A&M Board of Regents should be dismissed from her lawsuit, Jaime Andres must

also be dismissed because there are no specific factual allegations accusing Jaime Andres of taking any actions that would violate Plaintiff's constitutional rights or any federal law. *See* Doc. 10; see also Response at p. 8.

## II. CONCLUSION

For the foregoing reasons, and for the reasons stated in the Defendants' opening brief, Plaintiff has failed to plead a plausible claim that overcomes Defendants' immunities or that raises a right to relief above the speculative level. Consequently, Plaintiff's claims must be dismissed in their entirety.

Respectfully submitted,

**KEN PAXTON**
Texas Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief - General Litigation Division

/s/ *Yvonne D. Bennett*
**YVONNE D. BENNETT**
Texas Bar No. 24052183
Attorney-in-Charge
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Email: Yvonne.Bennett@oag.texas.gov
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document was served via PACER electronic notification on this 22d day of August 2022, on:

Marc Anson Bozeman
The Bozeman Law Firm
5499 Braesvalley Dr., No. 462
Houston, Texas 77096
Telephone: (832) 741-7950
mb@bozemanlitigation.com
Attorney for Plaintiff

                                              /s/ *Yvonne D. Bennett*
                                              YVONNE D. BENNETT
                                              Assistant Attorney General