UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Zahra Shahrashoob, PLAINTIFF | § § § § |
| V. | § § |
| Texas A&M University System, Texas A&M at College Station, Chancellor John Sharp, Texas A&M Board of Regents, Katherine Banks-President, Dr.Arul Jayaraman, Dr. N.K. Anand, Damon Slaydon, Jennifer Smith, Dr. Blanca Lupiani, Dr. Micah Green, Dr. Victor Ugaz, Dr. Jodie Luthkenhaus, Dr.Anastasia Muliana, Jaime Andres, Gary Blizzard, Kevin McGinnis DEFENDANTS | § Civil Action: 4:22-cv-699 § § § § § § § § § § *Jury Trial Requested* |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE LEE ROSENTHAL**:

**COMES NOW, Plaintiff** Zahra Shahrashoob (herein referred to as "Dr. Shahrashoob" or "Plaintiff") in the above-styled and numbered cause of action and files Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support to respectfully show this Court the following:

A. NATURE AND STAGE OF PROCEEDING

Plaintiff has sued a number of defendants for:

**1.** Civil rights violations arising under the Due Process Clause – U.S. Const. Amend. XIV, § 1 and the Equal Protection Clause – U.S. Const. Amend. XIV, § 1.

**2.** Discrimination arising under Title VII of the Civil Rights Act of 1964.

**3.** Discrimination arising under Title 42 of the United States Code, section 1981.

**4.** Discrimination arising under Title VI of the Civil Rights Act of 1964.

Discovery has elapsed and the Summary Judgment stage is upon this action. Additionally, there is a Motion to Dismiss pending before this Court.

However, in regards to the claims, Plaintiff desires to pursue and present evidence on only the Title VII claims of Retaliation, employment discrimination through the shortening of Plaintiff's employment appointment and subsequent release of Plaintiff from her employment with Defendant, and employment discrimination through the reduced compensation Plaintiff received during the entire duration of her employment with Defendant. Plaintiff desires to assert these claims only against Texas A&M. Plaintiff no longer desires to assert these claims against all other defendants. Those additional claims and additional defendants should be dismissed from this action, as they lack merit.

## B. SUMMARY OF ARGUMENT AND ISSUES PRESENTED

Defendant Texas A&M University at College Station (herein referred to as "Texas A&M" or "Defendant") violated Plaintiff's rights, injuring Plaintiff in three instances of adverse employment action.

The first issue presented is whether Defendant retaliated against Plaintiff by shortening her employment appointment duration in response to Plaintiff's complaints of discrimination. Plaintiff escalated her complaints of discrimination by making complaints to the Department of Civil Rights and Equity Investigations at Texas A&M University at College Station. Shortly afterwards, within a timeframe of a few to several days after Dr. Arul Jayaraman received notice of these complaints, Dr. Shahrashoob's employment appointment was shortened by half of what it had been since she began working at Texas A&M.

The second issue presented is whether Plaintiff was treated unfavorably compared to similarly situated employees when she was terminated/had her employment appointment shortened. Defendant did treat Plaintiff unfavorably compared to similarly situated employees. No other similarly situated employee, a full time assistant professor in the Chemical engineering department was forced out due to a shortened appointment when Plaintiff was released from her employment by Defendant. James Holste, whom Dr. Jayaraman testified was released at the same time Dr. Shahrashoob, was not actually released. He is still working for Texas A&M, whereas, Dr. Shahrashoob is not.

## C. STANDARD OF REVIEW

The standard of review for all of these issues is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states that if the movant shows that there is no genuine dispute as to any material fact then the movant is entitled to judgment as a matter of law. *Id*. When reviewing the materials before the Court, the evidence must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 US 654 (1962). The nonmoving party must establish that there is an issue of material fact, whether the facts being disputed would support a jury verdict rendered for the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 US 574, 585-586 (1986). These factual disputes must be genuine. *Id* at 586. "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" *Id* at 587.

## D. ARGUMENTS AND AUTHORITY

**I.     Defendant retaliated against Plaintiff by shortening the duration of her employment appointment just days after she complained to the Department of Civil Rights and Equity Investigations at Texas A&M University at College Station.**

Under Title 42 U.S. Code § 12203, retaliation is made unlawful. The statute makes illegal, any form of discrimination, intimidation, interference, etc., directed towards an individual who made a charge, testified, or participated in an investigation, proceeding, or hearing concerning any type of employment discrimination. *Id*. The elements for retaliation were defined in *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). In that case, the court lists three elements that must be met. Those elements are that 1) Plaintiff she engaged in a protected activity, 2) she suffered an adverse employment action, and 3) a causal connection existed between the protected act and the adverse action.

In this case, Dr. Shahrashoob engaged in a protected activity. She complained of discrimination to the Department of Civil Rights and Equity Investigations late July or early August of 2020. Ex. 3 Email exchange. Within days of the email exchange with the Department of Civil Rights and Equity Investigations, Dr. Shahrashoob's employment appointment duration was drastically shortened by half. Ex. 4 Letter shortening appointment, Ex. 5 Shahrashoob declaration ⁋ 23. This letter was sent to Plaintiff on August 14, 2020. *Id*. This was an adverse employment action because Plaintiff's prior appointments were a duration of 9 months. Ex. 5 Shahrashoob declaration ⁋ 23, Ex. 6 First appointment letter. There was a causal connection under the "but for" standard that should be presented to a jury for a final fact finding determination. In the email exchange, Dr. Jayaraman was included on that email. Ex. 3 Email exchange. As a result, he received notice of Plaintiff's protected activity. *Id*. The email communication between Plaintiff and the Department of Civil Rights took place on August 3rd,

2020. Ex. 3 Email exchange. The letter shortening Plaintiff's employment appointment was sent to Plaintiff on August 14th, 2020. Ex. 4 Letter shortening appointment. The duration of time between the two communications is 11 just days.

Furthermore, Dr. Jayaraman who received notice of Plaintiff's engagement in a protected activity, had substantial input as to what employees had appointments shortened and how much those appointments would be shortened. Ex. 7 Dr. Jayaraman Depo pg 43-52. Only two employees were stated to have their duration of employment shortened, and Dr. Shahrashoob was one of them. Ex. 7 Dr. Jayaraman Depo pg 43-52.

Dr. Jayaraman stated that there were budgetary constraints that forced the department to release those two faculty members. Ex. 7 Dr. Jayaraman Depo pg 43-52. However, at least two new faculty members were hired around the same time Dr. Shahrashoob's appointment ended. Ex. 7 Dr. Jayaraman Depo pg 43-52. Defendant hiring two new faculty around the time it released Dr. Shahrashoob from her employment does not comport with budgetary constraints being present for Defendant.

Plaintiff filed two charges with the Texas Workforce Commission with the 300 day window of the alleged discrimination. Ex. 1, 2 Charge. Subsequently, Plaintiff filed this action within the 90 window of the Right to Sue Letters she received. Ex. 8 Right to Sue Letters.

**II. Defendant treated Plaintiff discriminated against Plaintiff by treating her unfavorably. Plaintiff was the only faculty member in the Chemical Engineering Department who was released from her employment with Defendants in the spring of 2021.**
Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), a plaintiff must prove the prima facie case of discrimination by showing 1) she is within a protected class of people, 2) she was qualified for her position, 3) she suffered an adverse

employment action, and 4) other similarly situated persons outside her protected class were treated more favorably.

Plaintiff is a member of a protected class. She is of Iranian nationality. Ex. 5 Shahrashoob declaration ¶ 1. She is qualified for the position. Ex. 5 Shahrashoob declaration ¶ 1. She suffered an adverse employment action, as Plaintiff was released from her employment as a result of Defendant shortening her appointment duration for the year by half. Ex. 4 Letter shortening appointment, Ex. 5 Shahrashoob declaration ¶'s 23-25. Similarly situated persons outside of Plaintiff's protected class were treated more favorably. Ex. 7 Dr. Jayaraman Depo pg 43-52, Ex. 9 Holste admission, Ex. 5 Shahrashoob declaration ¶ 26. Dr. Jayaraman said in his deposition that only two faculty had appointments shortened and were let go by the Texas A&M. Those two individuals he described were Dr. Shahrashoob and Dr. James Holste. Ex. 7 Dr. Jayaraman Depo pg 43-52. Dr. James Holste is not a member of Plaintiff's protected class. Ex. 7 Dr. Jayaraman Depo pg 43-52, Ex. 9 Holste admission.

However, Ex. 9 Holste admission, consists of a screenshot from TXSD's website. Ex. 5 Shahrashoob declaration ¶ 26. Under Rule 801 of the Federal Rules of Evidence, admissions by party opponent that are offered against that opponent are not hearsay, thus excluding them from being considered inadmissible hearsay. Dr. Jayaraman was not telling the truth or being misleading when he testified to Holste being released by A&M. Even if Holste was rehired or allowed to come back, assuming for the sake of argument, he has still been treated more favorably than Plaintiff.  Because this screenshot is taken from the Texas A&M website, Texas A&M is representing that James Holste continues to be employed or work with Defendant, both circumstances that indicate Holste, the only other faculty said to have been

released by A&M at the time Plaintiff was released, was treated far more favorably than Plaintiff.

As a result of these violations of Plaintiff's rights, Dr. Shahrashoob has suffered lost wages and mental distress. Ex. 5 Shahrashoob declaration ⁋ 27.

### E. Prayer

For these reasons, Plaintiff Zahra Shahrashoob respectfully requests that the Court maintain Plaintiff's causes of action, Count II. Violation of Title VII of the Civil Rights Act of 1964-Retaliation and Disparate Treatment regarding Defendant's Retaliation and Plaintiff's release/termination from her employment and preserve them for a trial on the merits by denying Defendant's Motion for Summary Judgment and grant all other relief that justice may require.

Respectfully submitted,

The Bozeman Law Firm

/s/ Marc Anson Bozeman
Attorney-In-Charge
Texas State Bar No. 24057044
Federal Bar No. 1533462
5499 Braesvalley Dr., No. 462
Houston, Texas 77096
Telephone: (832) 741-7950
mb@bozemanlitigation.com

ATTORNEY FOR PLAINTIFF

APPENDIX OF EXHIBITS

Exhibit 1     First filed Charge of Discrimination

Exhibit 2     Second filed Charge of Discrimination

Exhibit 3     Email Exchange

Exhibit 4     Letter Shortening Appointment

Exhibit 5     Shahrashoob Declaration

Exhibit 6     First Appointment Letter

Exhibit 7     Dr. Jayaraman Deposition

Exhibit 8     Right to Sue Letter

Exhibit 9     Holste Admission

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was sent to counsel named below by way of electronic mail on the 23rd day of October, 2023, addressed as follows:

**Via electronic mail**

YVONNE D. BENNETT
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Yvonne.Bennett@oag.texas.gov

/s/ Marc Anson Bozeman
Marc Anson Bozeman